**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LINDSEY K. SPRINGER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-CV-0110-CVE-PJC |
| ) | |
| **UNITED STATES, THE INTERNAL** ) | |
| **REVENUE SERVICE, and THE** ) | |
| **COMMISSIONER OF INTERNAL REVENUE** ) | |
| **SERVICE,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Now before the Court for consideration is defendants' motion to dismiss (Dkt. # 15) for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Also before the Court are plaintiff's motion for preliminary injunction (Dkt. # 6), plaintiff's motion for sanctions (Dkt. # 19), and plaintiff's motion for a temporary restraining order (Dkt. # 22). Plaintiff accuses defendants of willfully violating the Paperwork Reduction Act ("PRA"). Plaintiff asks the Court to order defendants to bring the United States Individual Income Tax Return, Form 1040, into compliance with the PRA.[1] Further, plaintiff alleges that defendants are not authorized to enforce tax laws due to their alleged failure to comply with the PRA, and he seeks to enjoin defendants from penalizing him or other individuals for willful failure to file income tax returns between 1982 and 2006.

Defendants argue that plaintiff's complaint should be dismissed on several grounds: the Anti-Injunction Act ("AIA") of the Internal Revenue Code, 26 U.S.C. § 7421, prohibits individual

---

[1] Plaintiff argues that Form 1040 and its variations (1040A, 1040EZ, and 1040ES) do not have valid Office of Management and Budget (OMB) numbers, in violation of the PRA.

taxpayers from bringing an action in federal court to enjoin the assessment or collection of any federal tax; plaintiff has failed to establish that an exception to the AIA applies; and sovereign immunity bars plaintiff's claims. In the alternative, defendants argue that plaintiff has failed to state a claim because his interpretation of the PRA is without merit. Because the Rule 12(b)(1) argument is dispositive, there is no need to address defendants' Rule 12(b)(6) argument.

## I.

In September 1996, the Internal Revenue Service ("IRS") issued two notices of deficiency to plaintiff asserting federal income tax deficiencies from 1990 to 1995. Springer v. United States, 2005 WL 2467775 (W.D. Okla. Oct. 6, 2005). Plaintiff filed a petition with the United States Tax Court ("Tax Court"), which found that plaintiff was liable for the documented deficiencies. In March 2005, the IRS sent plaintiff notice of its intent to levy and gave plaintiff information on his rights under the Internal Revenue Code. Plaintiff rightfully requested a collection due process hearing ("CDP hearing"). He then filed suit against the government in the United States District Court for the Western District of Oklahoma, disputing the amount of his income tax liability, the method by which the government assessed the amount owed, and the manner in which the IRS conducted its investigation. Id. The Western District of Oklahoma granted defendants' motion to dismiss for lack of subject matter jurisdiction and held that proper jurisdiction was in the Tax Court. Id.; see 26 U.S.C. § 6330(d). After the CDP hearing, plaintiff filed a second complaint in the Western District of Oklahoma asking for injunctive relief from the government. This action constitutes plaintiff's third attempt to enjoin the federal government from penalizing him for failing to file federal income tax returns.

## II.

Federal courts are courts of limited jurisdiction and, as the parties seeking to invoke federal jurisdiction, plaintiffs bear the burden of proving such jurisdiction is proper. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Id. Motions to dismiss under Rule 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Business Financial Services, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting Maestas v. Lujan, 351 F.3d 1001, 1013 (10th Cir. 2003) (internal citation and quotations omitted)). In analyzing a motion to dismiss on the basis of a facial attack on the sufficiency of the complaint, a court must presume all of the allegations contained in the complaint to be true. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002).

## III.

Defendants assert the complaint is facially insufficient in that it fails to plead a claim over which federal courts have been granted jurisdiction. "As a general rule, a complaint is sufficient [under Fed. R. Civ. P. 8(a)(2)] if it sets forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" United States v. Missouri-Kansas-Texas R. Co., 273 F.2d 474, 476 (10th Cir. 1959) (quoting Conley v. Gibson, 355 U.S. 41 (1957)). Plaintiff's complaint fails to set forth a jurisdictional basis for his claims.

The AIA states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). There are statutory and judicial exceptions to the general bar against taxpayer lawsuits under the AIA. The United States has not consented to suits brought by taxpayers except under the express conditions set out in 26 U.S.C. §§ 7421 and 7422. The Supreme Court carved out a narrow exception to the AIA, whereby litigation is permitted if two criteria are met: under no circumstances would the government be certain of succeeding on the merits; and plaintiff would suffer irreparable harm with no adequate legal remedy absent injunction. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962) ("Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained."). Plaintiff fails to argue that his claims fall within an exception to the AIA but, rather, maintains that this action is outside the scope of the AIA. However, if successful, plaintiff's suit would restrain the collection of federal taxes by limiting defendants' ability to collect taxes due between 1982 to 2006. Thus, the AIA bars his claims unless they fall within an exception to the AIA.

Plaintiff's complaint does not qualify for the judicial exception to the AIA because defendants are likely to succeed on the merits. Plaintiff's allegations rely on the language of the public protection provision of the PRA, which states that "no person shall be subject to any penalty for failing to comply with a collection of information . . . if the collection of information does not display a valid control number." 44 U.S.C. § 3512(a)(1). However, it is settled law that "the requirement to file a tax return is mandated by statute, not by regulation" and "such explicit statutory requirements are not subject to the PRA." United States v. Dawes, 951 F.2d 1189, 1191-92 (10th

4

Cir. 1991).[2]  The PRA was not designed to "repeal the statutory criminal penalty for failing to file an income tax return because tax regulations and instructions lack OMB numbers." Id. at 1193. Further, the Secretary of Treasury and the IRS have clear authority to impose criminal and civil penalties related to Form 1040. 26 U.S.C. §§ 7801, 7803; see Londsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990) (dismissing plaintiff's claim that IRS lacked authority to enforce tax code after finding that the PRA "did not apply to the collection of information . . . during the conduct of . . . an administrative action or investigation involving an agency against specific individuals or entities" pursuant to 44 U.S.C. § 3518(c)(1)(B)(ii)).  It is clear that defendants have meritorious defenses to plaintiff's allegations.  Thus, plaintiff's claims do not fall within the judicial exception to the AIA.  Plaintiff fails to argue that his claims are excepted under any of the statutory provisions.  Accordingly, plaintiff's claims are barred by the AIA and he has failed to show that they fall within any exception to the AIA.

Further, plaintiff lacks authority to enforce the PRA.  The PRA does not create a private right of action but, rather, serves as a defense. 44 U.S.C. § 3512(b); see Fostvedt v. U.S., 978 F.2d 1201, 1202 (10th Cir. 1992).  Plaintiff's complaint is dismissed for lack of subject matter jurisdiction, as it is not within the power of this Court to adjudicate his claims.

---

[2]    See also James v. United States, 970 F.2d 750 (10th Cir. 1992) (holding that the lack of an OMB number on IRS notices and forms does not violate the PRA); United States v. Collins, 920 F.2d 619 (10th Cir. 1990) (defendant's argument that Forms 1040 lacked expiration dates and, therefore, failed to comply with PRA is legally frivolous).

**IV.**

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Dkt. # 15) is **granted**, and plaintiff's complaint is **dismissed** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction (Dkt. # 6), plaintiff's motion for sanctions (Dkt. # 19), and plaintiff's motion for temporary restraining order (Dkt. # 22) are **moot**.

**DATED** this 21st day of June, 2006.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT